# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK GIBSON, | ) | |
| | ) | Civil Action No. 2: 16-cv-0392 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| MARY FLEMMING, et al, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Currently pending is Defendants' Motion for More Definite Statement with brief in support (ECF Nos. 35 and 36). For the reasons that follow, the motion is **GRANTED.**

Defendants are either present or former employees of the Department of Corrections who worked at SCI-Greene or SCI-Fayette at times pertinent to this action. Following the filing of a motion to dismiss the original complaint, Plaintiff filed an Amended Complaint (ECF No. 30), which is the operative complaint. The Amended Complaint consists of a list of legal conclusions and laws/ constitutional provisions that Plaintiff believes the Defendants violated, without any basis in fact. For example, Plaintiff alleges instances of falsified misconduct reports, retaliation, conspiracy, purported medical treatment, and use of excessive force, although it is impossible to tell who is being sued or why. Where Plaintiff does provide dates, he seems to be recounting his daily interactions with Defendants and others at SCI-Greene and SCI-Fayette on a running basis over the years.

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," *Twombly,* 550 U.S. at 593 n. 13, that, in

1

conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." *Sony BMG Music Entm't v. Cloud*, No. 08–1200, 2008 WL 3895895, at *2 (E.D.Pa. Aug. 22, 2008). Generally speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed.R.Civ.P. 8(a)." *Transport Int'l Pool, Inc. v. Ross Stores, Inc.,* No. 06–1812, 2009 WL 1033601, at *2 (E.D.Pa. Apr.15, 2009); *see also Country Classics at Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC,* 780 F.Supp.2d 367, 371 (E.D.Pa. 2011) ("[M]otions for a more definite statement are 'highly disfavored.' "). Courts will grant a Rule 12(e) motion only "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Country Classics,* 780 F.Supp.3d at 371 (internal quotations omitted).

The Court agrees with Defendants that given the vague and ambiguous allegations of the Amended Complaint, Defendants cannot reasonably be required to properly respond to Plaintiff's allegations. Therefore, the Court will grant Defendants' motion for more definite statement. Plaintiff will be given one final opportunity to amend his complaint. Plaintiff shall file a single operative complaint consisting of a short and plain statement of his claims as required by Rule 8. The amended complaint must include all defendants and all causes of action and must set forth clearly identified causes of action that both identify Plaintiff's legal theories and facts suggestive of the proscribed conduct alleged in one stand-alone document without reference to any other document filed in this case The amended complaint must also state the dates on which the conduct of each defendant allegedly took place. See Fed. R. Civ. P. 8. Plaintiff shall file an amended complaint on the form attached.

Plaintiff is cautioned that the opportunity to file an amended complaint is not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the

original complaint or by adding defendants not related to the allegations in the original complaint. Inclusion of new allegations and claims unrelated to those set forth in the original complaint will be considered a failure to comply with an Order of Court and will result in the dismissal of the amended complaint.

It is further ordered that the Clerk of Court is directed to mark this case administratively closed.[1] The case will be reopened upon the filing of a proper amended complaint.

So **ORDERED** this 12th day of September, 2016.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

**cc:**    **DERRICK GIBSON**
JP 2190
SCI Forest
P.O. Box 945
Marienville, PA 15450
(via U.S. First Class Mail)

J. Eric Barchiesi
Office of Attorney General
(via ECF electronic notification)

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).