# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK GIBSON,** | ) |
| | ) 2: 16cv0392 |
| Plaintiff, | ) Electronic Filing |
| | ) |
| v. | ) Judge David Stewart Cercone |
| | ) |
| **MARY FLEMMING, ROBERT FLEMMING, THOMAS ARMSTRONG, SHAUN IREY, CARL WALKER, DARRYL BEVERIDGE, and ROBERT HAWKINBERRY,** | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal (ECF No. 58) filed by Plaintiff Derrick Gibson ("Gibson" or "Plaintiff") requesting review of the magistrate judge's Order dated October 10, 2017 (ECF No. 56) (the "Order"), which denied without prejudice Plaintiff's third motion for appointment of counsel.

Upon review of the matters raised by Gibson, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion. Therefore, Gibson's appeal will be dismissed.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b);

Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

The Order of October 10, 2017, was for a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A) and, thus, will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

## Discussion

Upon review of the record in this matter, the Court finds that the decision of the magistrate judge to deny without prejudice Plaintiff's third request for appointment of counsel was neither clearly erroneous nor contrary to law.

As the magistrate judge explained, the Court has authority "to <u>request</u> an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). In *Tabron v. Grace*, the United States Court of Appeals for the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). Following *Tabron*, the first consideration by a district court should be whether the plaintiff's claim has "some merit in fact and law." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir.1997) (citing *Tabron*, 6 F.3d at 157). At this stage of the litigation, which has not proceeded past the pleadings stage, it is not yet clear to the Court whether this case has any merit, either in fact or in law.

Further, this Court agrees with the magistrate judge that while Gibson alleges he suffers from

2

mental and physical illnesses and injuries that allegedly "will greatly limit his ability to litigate," a review of his pleadings and motions in this case reveals that Gibson is clearly communicating his allegations to Defendants and his position to the court. Aside from all the circumstances surrounding every incarcerated litigant, Gibson has set forth no special circumstances that warrant granting counsel at this time. If Gibson has any evidence that he has been adjudicated incompetent he should refile his motion for appointment of counsel, along with such evidence.

As a pro se litigant Gibson will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972), and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this Court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation. Additionally, Plaintiff has made no showing that he has made any attempt to retain counsel himself. Furthermore this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider his request for the appointment of counsel.

For all these reasons, the Court finds that Plaintiff has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

It is so **ORDERED** on this the 6th day of November, 2017.

*DSCercone*

David Stewart Cercone
United States District Judge

3

cc: Derrick Gibson
JP 2190
SCI Forest
P.O. Box 945
Marienville, PA 15450
(*Via First Class Mail*)

J. Eric Barchiesi, Esquire
(*Via CM/ECF Electronic Mail*)