# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK GIBSON, | ) | |
| | ) | Civil Action No. 2: 16-cv-0392 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| MARY FLEMMING, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Currently pending is Defendants' Motion to Drop Parties and/or Sever for Misjoinder Pursuant to Fed.R.Civ.P. 21 with brief in support (ECF Nos. 43 and 44), to which Plaintiff has responded in opposition (ECF Nos. 46 and 47). For the reasons that follow, the motion will be denied.

I. Procedural History

Plaintiff, Derrick Gibson, is a prisoner previously incarcerated at SCI-Greene and SCI-Fayette, and currently incarcerated at SCI-Forest. On or about May 9, 2016, he filed this *pro se* § 1983 action. Named as defendants are seven current and/or former employees of the Department of Corrections who worked at either SCI-Greene or SCI-Fayette. Following the filing of a motion to dismiss, Plaintiff filed an Amended Complaint (ECF No. 30). In response to the Amended Complaint, Defendants filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 35). The Court granted the motion and the case was placed in administrative closure pending the filing by Plaintiff of a proper amended second amended complaint. (ECF No. 37).

1

On or about June 22, 2017, Plaintiff filed a Second Amended Complaint against the same seven current and/or former employees of the Department of Corrections. (ECF No. 39). The Second Amended Complaint divides the named defendants into those who violated his constitutional rights during his incarceration at SCI-Greene and those alleged to have done so during his incarceration at SCI-Fayette. The Greene defendants are: Mary Flemming, Robert Flemming, and Thomas Armstrong. The Fayette defendants are: Shaun Irey, Carl Walker, Darryl Beveridge, and Robert Hawkinberry.

Defendants filed the instant motion arguing that because Plaintiff's claims arise from different facts and alleged damages, the claims are misjoined in this single action and parties to this action must be dropped or, in the alternative, claims must be severed into separate actions to avoid prejudice to Defendants and confusion to the jury. Plaintiff responds that all of the Defendants' alleged actions arose out of the same transaction and/or occurrence.

II.     Discussion

Distilled to its essence, the Second Amended Complaint alleges a series of incidents of abuse and retaliation at the hands of prison employees at SCI-Greene, which abuse and retaliation continued at SCI-Fayette, allegedly in retaliation for an incident which occurred on September 4, 2014, involving Nurse Mary Flemming and Plaintiff. For example, Plaintiff alleges *inter alia,* instances of falsified misconduct reports, retaliation, denial of medical treatment, use of excessive force, including malicious and sadistic use of physical force, use of restraint chair and belts, shackles and hard cells, and tampering of witnesses.

A court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties;

joinder of claims, parties and remedies is strongly encouraged.' " *Hagan v. Rogers,* 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)). Federal Rule of Civil Procedure 20(a)(2) ("Rule 20") sets forth two necessary conditions that must be satisfied for a plaintiff to permissively join multiple defendants in one action. First, the claims asserted against the defendants must "aris[e] out of the same transaction, occurrence or series of transactions or occurrences," and second, there must be a "question of law or fact common to all defendants." Fed.R.Civ.P. 20(a)(2)(A)-(B). Where a plaintiff has failed to satisfy the conditions of permissive joinder under Rule 20(a), a court may "grant severance or dismissal to the improper party if it will not prejudice any substantial right" to remedy joinder pursuant to Federal Rule of Civil Procedure 21 ("Rule 21"). *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972). Rule 21 provides: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21.

Moreover, even where joinder is permissible under Rule 20, a court may exercise its discretion to sever or drop defendants if it concludes that doing so would further the interests of judicial economy without prejudice to any party. Fed.R.Civ.P. 20(b), 21, and 42(b).

The first element of Rule 20(a), the 'same transaction' or transactional relatedness prong, refers to the similarity in the factual background of the relevant claims. Courts generally apply a case-by-case approach when considering whether the facts of several claims constitute a single transaction or occurrence, or a series of transactions or occurrences. "In determining whether a logical relationship exists between claims, the Third Circuit has stated that courts must engage in 'a detailed analysis. . .to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties.' " *Russell v. Chesapeake Appalachia, L.L.C.*, 305 F.R.D. 78, 81 (M.D. Pa.

2015) (alteration in original) (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)).

Here, there are seven (7) defendants, three (3) of whom are either current or former DOC employees who worked at SCI-Greene and four (4) of whom are either current or former DOC employees who worked at SCI-Fayette. Defendants describe Plaintiff's claims as a "laundry list" of claims with no "rhyme or reason." Br. at 7. The Court disagrees with this description. Rather, it appears to the Court that Plaintiff's claims can be described as "offshoots" arising from his encounter with Nurse Flemming on September 4, 2014, and the termination of Nurse Flemming's employment two days later on September 6, 2014.

The Court concludes that at this early stage of the litigation, a logical relationship exists between the claims which arose from events at SCI-Greene and those that occurred at SCI-Fayette. Consequently, Defendants' motion to sever will be denied. An appropriate Order follows.

Eddy, Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK GIBSON, | ) | |
| | ) | Civil Action No. 2: 16-cv-0392 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| MARY FLEMMING, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**AND NOW**, this 6th day of December, 2017, in accordance with the foregoing Memorandum Opinion, it is **ORDERED** that Defendants' Motion to Drop Parties And/Or Sever for Misjoinder Pursuant to Fed.R.Civ.P. 21 is **DENIED**.

Defendants shall file a responsive pleading to the Second Amended Complaint by **December 22, 2017.**

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: **DERRICK GIBSON**
JP 2190
SCI Forest
P.O. Box 945
Marienville, PA 15450
(via U.S. First Class Mail)

J. Eric Barchiesi
Office of Attorney General
(via ECF electronic notification)