IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK GIBSON,** | ) |
| | ) 2:16cv392 |
| Plaintiff, | ) Electronic Filing |
| | ) |
| v. | ) Judge David Stewart Cercone |
| | ) |
| **MARY FLEMMING, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal (ECF No. 151) filed by Plaintiff Derrick Gibson requesting review of the magistrate judge's Order dated February 15, 2019 (ECF No. 147) (the "Order"), which denied as moot Plaintiff's motion for reconsideration of a discovery ruling.

Upon review of the matters raised by Plaintiff, the Court concludes that the Order appealed from is neither clearly erroneous nor an abuse of discretion. Therefore, Plaintiff's appeal will be dismissed.

### Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). *Accord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

In this case, the Order of February 15, 2019, is nondispositive because it addresses a discovery dispute and "[i]t is well-established that a magistrate judge's ruling concerning discovery is non-dispositive." *V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.*, Civil No. 06-2304, 2011

WL 1344193, at *4 (D.N.J. Apr. 8, 2011). Accordingly, the Order will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.,* 333 U.S. 364 (1948)). This standard is difficult and becomes even more difficult when the appeal involves a discovery decision. "There is particularly broad deference given to a magistrate judge's discovery rulings." *Farmers & Merchants Nat. Bank v. San Clemente Financial Group Securities, Inc.,* 174 F.R.D. 572, 585 (D.N.J. 1997). A magistrate judge's discovery ruling "is reversible only for abuse of discretion." *Kresefky v. Panasonic Communications & Systems Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). The deferential standard is particularly appropriate in the case where the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings. *Cooper Hosp./Univ. Med. Ctr. v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J. 1998).

## Discussion

Plaintiff argues that the magistrate judge erred when she denied his motion for reconsideration of a discovery ruling. In the ruling, the magistrate judge explained that the court had previously ruled that Defendants had fulfilled their discovery obligations and that Plaintiff had been given multiple chances to view the requested videos.

At issue in this appeal is Plaintiff's request to view two videos: (i) a video of an incident which occurred at SCI-Greene on 9/4/14 between "19:00 - 19:31 hrs;" and (ii) a video of an incident which at SCI-Fayette on 1/21/16 from 11:00 to 2:55." Appeal at 1.

As to Plaintiff's first request, the record reflects that Defendants have represented to the Court and to Plaintiff on more than one occasion that there is no video depicting the time period of approximately "19:00 - 19:31 hours" on 9/4/14. There is video depicting the time period of

2

approximately 19:30 - 21:30 hours on 9/4/14, and Plaintiff has actually viewed these videos. Defendants cannot be compelled to produce evidence which does not exist.

As to Plaintiff's second request, the record reflects that since August of 2018 Defendants have afforded Plaintiff multiple opportunities to view the videos from 1/21/16, and Plaintiff repeatedly has either failed to cooperate, declined the opportunity to view the videos, or was non-compliant, self-injurious and/or assaultive, which prevented him from viewing the videos. Defendants have provided reasonable means for Plaintiff to view the videos and solely because of Plaintiff's own behavior, he has not been able to do so.

The Court finds that the decision of the magistrate judge to deny Plaintiff's motion for reconsideration of a discovery ruling was proper. Defendants have complied with their duty to make the videos available and given Plaintiff's choice not to view these videos, the Court finds that Plaintiff has no credible foundation upon which to appeal the magistrate judge's ruling.

For all these reasons, the Court finds that Plaintiff has not shown that the magistrate judge's ruling was clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is **DENIED**.

It is so **ORDERED** on this the 27th day of March, 2019.

_____
David Stewart Cercone
Senior United States District Judge

cc: Derrick Gibson
JP 2190
SCI Retreat
660 State Route 11
Hunlock Creek, PA 18621-3136
(*Via First Class Mail*)

J. Eric Barchiesi, Esquire
Timothy Mazzocca, Esquire
(*Via CM/ECF Electronic Mail*)

3