**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DERRICK GIBSON, )
                     )   2:16cv0392
           Plaintiff,     )   Electronic Filing
                     )
v.                       )   Judge David Stewart Cercone
                     )
MARY FLEMMING, Nurse; ROBERT )
FLEMMING, Lieutenant; THOMAS )
ARMSTRONG, Captain / Hearing )
Examiner; SHAUN IREY, Lieutenant; )
CARL WALKER, Captain; DARRYL )
BEVERIDGE, Corrections Officer 1, and )
ROBERT HAWKINBERRY, Captain, )
                     )
           Defendants.     )

## MEMORANDUM

This prisoner civil rights case was commenced on April 5, 2016, and referred to Chief United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. Upon Plaintiff's compliance with the statutory requirements, his motion to proceed *in forma pauperis* was granted on October 13, 2016. (ECF No. 5).

Following the close of discovery, the parties filed cross motions for summary judgment. (ECF Nos. 154 and 160). On December 2, 2019, Magistrate Judge Eddy issued a Report and Recommendation (ECF No. 179), recommending that Defendants' motion for summary judgment be granted in its entirety and Plaintiff's cross motion be denied in its entirety. Plaintiff was served with the Report and Recommendation and advised that he had until December 20,

2019, to file written objections to the Report and Recommendation.[1]  Plaintiff's objections were signed by plaintiff on December 19, 2019, and received by this court on December 27, 2019, presumptively making them timely under <u>Burns v. Morton</u>, 134 F.3d 109, 112 (3d Cir. 1998).

Plaintiff's objections are without merit.  Beyond a rehash of the matters raised and discussed in the Magistrate Judge's Report and Recommendation, plaintiff asserts defendants have falsely reported his state offense of conviction, passed inaccurate and personal information about plaintiff from housing unit to house unit and sought to shelter the fact that Mary Flemming never was a licensed practical nurse.  He quibbles about whether an authorization for placement in a restraint chair was issued on September 4, 2014, and contends that his placement was done without intervention by Mary or Robert Flemming.  He was then exposed to harsh and unbearable conditions for over a month.

In his rehash of the February 23, 2015, incident, he asserts without foundation that defendants have withheld or destroyed documentation indicating he grieved the challenged treatment and exhausted his remedies.  And he advances a shotgun listing of grievances and generalized conclusions for the incidents on September 30, 2015, and October 9, 2015, which purportedly show that he "did exhaust one or more of these remedies . . . at some point."  And in this regard the withheld or destroyed information purportedly would show that defendants and DOC personnel acting in concert with them falsified reports, undertook harsh and punitive measures without justification, falsely accused plaintiff of misconduct, utilized excessive force

---

1       If a party does not file timely objections to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court, although the court must still give "reasoned consideration" to the magistrate judge's report before adopting it. <u>Henderson v. Carlson</u>, 812 F.2d 874, 878-79 (3d Cir. 1987).

and failed to intervene to protect plaintiff in various aspects with regard to incidents on January 10, 2016, January 13, 2016, and January 21, 2016. And all of this was done to protect and shelter Mary Flemming from further investigation, which could be proved if the proper orders had been or were to be entered by this court.

Plaintiff's objections miss the forest for the trees. Summary judgment may be granted where the non-movant's evidence is merely colorable or otherwise lacks sufficient probative force. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (If the non-moving party's evidence is merely colorable or lacks sufficient probative force summary judgment may be granted.). And in this regard, the court is no longer required to turn a blind eye to the weight of the evidence. See Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (although the court is not permitted to weigh facts or competing inferences, it is no longer required to "turn a blind eye" to the weight of the evidence).

These two well-established principles of law governing the court's review of the current submissions render plaintiff's augmented rehash of his summary judgment arguments and bald conclusions inapposite. As aptly set out in adequate detail in the Report and Recommendation, the record conclusively demonstrates that defendants are entitled to summary judgment based on the combination of failure to exhaust and/or a sufficiency review of the probative information addressing the merits of plaintiff's claims. Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the Report and Recommendation as augmented herein will be adopted as the opinion of the court and summary

judgment will be granted to Defendants.  Appropriate orders will follow.


Date: February 24, 2020


                                             s/David Stewart Cercone
                                             David Stewart Cercone
                                             Senior United States District Judge



cc:     The Honorable Cynthia Reed Eddy
        Chief United States Magistrate Judge

        J. Eric Barchiesi, Esquire
        Timothy Mazzocca, Esquire

        (*Via CM/ECF Electronic Mail*)


        DERRICK GIBSON
        JP 2190
        SCI Mahanoy
        301 Morea Road
        Frackville, PA 17932

        (via U.S. First Class Mail)